NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ABHINAV KUMAR, <br><br> Defendant - Appellant. | No. 24-4765 <br><br> D.C. No. <br> 2:24-cr-00041-JNW-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Jamal N. Whitehead, District Judge, Presiding

Submitted March 17, 2025[**]

Before: CANBY, R. NELSON, and FORREST, Circuit Judges.

Abhinav Kumar appeals from the district court's judgment and challenges

the 15-month sentence imposed following his jury-trial conviction for abusive

sexual contact, in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506(1). We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2). The request to waive oral
argument is therefore granted.

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Kumar contends that the district court erred by applying a two-level adjustment for a vulnerable victim under U.S.S.G § 3A1.1(b)(1), because the record established that the victim was awake by the time Kumar touched her breast. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). A district court abuses its discretion only if its decision is illogical, implausible, or without support in the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018).

The district court concluded that a combination of circumstances rendered the victim "particularly susceptible to the criminal conduct," U.S.S.G. § 3A1.1 cmt. n.2, including that she was a minor who was sitting alone in the same row as Kumar in a confined, dimly-lit airplane cabin, that Kumar waited until she fell asleep to begin groping her, and that she "froze" upon waking. These findings are supported by the record, and the court did not abuse its discretion in concluding they warranted the enhancement. *See United States v. Weischedel*, 201 F.3d 1250, 1252 (9th Cir. 2000) (vulnerable victim adjustment is assessed based on "the surrounding circumstances of the crime in addition to the particular characteristics of the victim").

We do not reach Kumar's argument that sleep alone cannot support a vulnerable victim enhancement because the district court applied the enhancement based on the combination of circumstances.

**AFFIRMED.**